SUMMARY ORDER

Fu Le Wu, a native and citizen of China, seeks review of the April 9, 2008 order of the BIA denying his motion to reopen his removal proceedings. In re Fu Le Wu, No. A98 977 009 (B.I.A. Apr. 9, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA 413 F.3d 232, 233 (2d Cir.2005) (per curiam). Here, we find no abuse of discretion in the BIA’s conclusion that Wu failed to meet his “heavy burden” of demonstrating that reopening his proceedings was appropriate. In his motion, Wu alleged that he is now a Falun Gong practitioner who will be persecuted if he returns to China. In support of that motion, he submitted an affidavit, photos of himself purportedly practicing Falun Gong, an affidavit from his wife, and a letter from authorities in China. After reviewing his evidence, the BIA denied Wu’s motion for various reasons, plainly among them that it did not believe that Wu was indeed a Falun Gong practitioner. It further questioned the authenticity of the evidence Wu submitted with his motion. We find that the BIA did not abuse its discretion in doing so. See Matter of S-Y-G-, 24 I. & N. Dec. 247 (B.I.A.2007).
Although the agency may err in rejecting a document solely based on the alien’s failure to properly authenticate the document pursuant to 8 C.F.R. § 287.6, see Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 404-06 (2d Cir.2005), it does not err where its decision to reject documentary evidence is based substantially on legitimate credibility concerns and relies only in part on the fact that a document was not authenticated, see Qin Wen Zheng v. Gonzales, 500 F.3d 143, 146-49 (2d Cir.2007); see also Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341-42 (2d Cir.2006) (recognizing that the weight afforded documentary evidence “lies largely within the discretion of the IJ” (alteration and internal quotation marks omitted)). Here, not only was Wu’s submitted document unauthenticated, but there was also a prior BIA decision upholding the IJ’s finding that Wu was not a credible applicant.[1] Thus, the BIA properly relied on this Court’s decision in Qin Wen Zheng in refusing to credit the authenticity of evidence submitted with Wu’s motion to reopen. See 500 F.3d at 146-47; see also Kaur, 413 F.3d at 233 (finding that evidence submitted with a motion to reopen did not overcome the IJ’s prior adverse credibility finding). In short, where the agency found Wu’s family planning claim not credible during the underlying merits proceeding, it was under *449 no obligation to credit the evidence he submitted in a subsequent motion to reopen purporting to prove his newly-commenced practice of Falun Gong. See Qin Wen Zheng, 500 F.3d at 146-47 (stating that the BIA may apply the doctrine falsus in uno, falsus in omnibus in these circumstances).
Finally, there is no merit to Wu’s argument regarding the IJ’s refusal to continue his proceeding because he was ill. First, to the extent the BIA may have misconstrued his argument to be an assertion of ineffective assistance of counsel, such confusion was understandable when Wu’s motion was far from clear on the subject. Second, and more importantly, this argument represents an attempt to challenge the IJ’s underlying merits decision. Wu did not argue on appeal from the IJ’s decision that the IJ should have granted him a continuance, and the BIA did not err in declining to address such an argument on a motion to reopen. See Kaur, 413 F.3d at 233.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

. Wu did not seek review of the agency’s adverse credibility determination.